**12-Person Jury**

All Law Division initial Case Management Dates will be heard via Zoom.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 6/29/2022 9:30 AM

Civil Action Cover Sheet - Case Initiation (12/01/20) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ADELAIDE BROWN

v.

NATIONAL CONSTRUCTION RENTALS, WALMART

FILED
4/27/2022 4:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003855
Calendar, X
17676413

No. 2022L003855

FILED DATE: 4/27/2022 4:35 PM  2022L003855

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand   ■ Yes   ❏ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
❏ 027  Motor Vehicle
❏ 040  Medical Malpractice
❏ 047  Asbestos
❏ 048  Dram Shop
■ 049  Product Liability
❏ 051  Construction Injuries
         (including Structural Work Act, Road
         Construction Injuries Act and negligence)
❏ 052  Railroad/FELA
❏ 053  Pediatric Lead Exposure
❏ 061  Other Personal Injury/Wrongful Death
❏ 063  Intentional Tort
❏ 064  Miscellaneous Statutory Action
         (Please Specify Below**)
■ 065  Premises Liability
❏ 078  Fen-phen/Redux Litigation
❏ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
❏ 007  Confessions of Judgment
❏ 008  Replevin
❏ 009  Tax
❏ 015  Condemnation
❏ 017  Detinue
❏ 029  Unemployment Compensation
❏ 031  Foreign Transcript
❏ 036  Administrative Review Action
❏ 085  Petition to Register Foreign Judgment
❏ 099  All Other Extraordinary Remedies

By: Henderson Banks
    (Attorney)                          (Pro Se)

(FILE STAMP)

**COMMERCIAL LITIGATION**
CASE TYPES:
❏ 002  Breach of Contract
❏ 070  Professional Malpractice
         (other than legal or medical)
❏ 071  Fraud (other than legal or medical)
❏ 072  Consumer Fraud
❏ 073  Breach of Warranty
❏ 074  Statutory Action
         (Please specify below.**)
❏ 075  Other Commercial Litigation
         (Please specify below.**)
❏ 076  Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
❏ 062  Property Damage
❏ 066  Legal Malpractice
❏ 077  Libel/Slander
❏ 079  Petition for Qualified Orders
❏ 084  Petition to Issue Subpoena
❏ 100  Petition for Discovery

**_____
_____

Primary Email: hbanks@hendersonbankslaw.com

Secondary Email: csims@hendersonbankslaw.com

Tertiary Email: _____

**Pro Se Only:** ❏ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

EXHIBIT A

FILED
4/27/2022 4:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003855
Calendar, X

FILED DATE: 4/27/2022 4:35 PM   2022L003855

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Adelaide Brown ) | |
| ) | |
| Plaintiff, ) | Case No. 2022L003855 |
| ) | |
| v. ) | |
| ) | |
| National Construction Rentals, & ) | |
| ) | |
| Walmart Stores Inc. ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ADELAIDE BROWN, by and through her attorneys, HENDERSON BANKS LAW, LLC, complaining of the Defendants, NATIONAL CONSTRUCTION RENTAL and WALMART STORES INCORPORATED, (hereinafter referred to as "DEFENDANTS"), and in support of her complaint at law, states as follows:

### COUNT I: NEGLIGENCE- WALMART

1. On June 19, 2020, and at all relevant times, Defendant, WALMART STORES INC., ("WALMART") owned, operated, maintained and controlled a retail store known as, Walmart, Facility #2817, located at 17625 Torrence Ave, Lansing, Illinois 60438.

2. On June 19, 2020, and at all relevant times, Co-Defendant, NATIONAL CONSTRUCTION RENTALs ("NATIONAL"), rented out equipment to WALMART, including steal gates and barriers, and both NATIONAL and WALMART exercised dominion, right of use, and control over real property and gate fixtures located at 17625 Torrence Ave, Lansing, Illinois 60438.

3. On June 19, 2020 and all relevant times alleged herein, and on information and belief, Defendant, WALMART was a Delaware Corporation authorized and doing business in the City of Lansing, County of Cook, State of Illinois.

4. At all relevant times alleged herein, and on information and belief, Defendant, NATIONAL CONSTRUCTION RENTALS was a California corporation authorized and doing business in the City of Lansing, Cook County, State of Illinois.

EXHIBIT A

FILED DATE: 4/27/2022 4:35 PM   2022L003855

5. On June 19, 2020, Plaintiff, ADELAIDE BROWN ("MS. BROWN"), was an invitee on Walmart's premises and was visiting the store to purchase items. Defendants knew or reasonably should have known that customers would be visiting their store and that the premises were unsafe.

6. At the aforesaid time and place, there were several steel gate barriers, connecting one to another, lined up parallel to the building, creating a single file line for customers. One or more parts at the bottom of the gate were defective with the feet of the gate bent upward, causing a tripping hazard.

7. At the aforesaid time, one or more parts of the gate were defective, causing Plaintiff ADELAIDE BROWN to slip and fall, causing significant injury.

8. Upon information and belief, Co-Defendant, NATIONAL, installed gate at the aforementioned location.

9. Upon information and belief, WALMART maintained and controlled the gates after they were installed by NATIONAL.

10. In failing to properly install and maintain the gate, Defendants NATIONAL and WALMART knew or reasonably should have known that the defective portion of the gate would cause injury.

11. At the aforesaid time and place, Defendants, NATIONAL and WALMART should have known customers would not be able to appreciate the risk involved with the defective gate.

12. At the aforesaid time and place, Defendants, NATIONAL and WALMART owed the Plaintiff, ADELAIDE BROWN and others a duty to exercise ordinary care to keep the premises reasonably safe so as to not negligently cause injury to those persons lawfully on the premises.

13. At the aforesaid time and place, DEFENDANT WALMART, was guilty of one ormore of the following negligent acts and/or omissions:

   a. Carelessly and negligently failed to keep the gate in good condition.

   b. Carelessly and negligently failed to make reasonable inspections to be sure the gate was not defective.

   c. Carelessly and negligently failed to make reasonable inspections to be sure the gate functioned properly.

   d. Carelessly and negligently failed to realize that continuing to use the defective gate created an unreasonable level of risk of harm to Plaintiff ADELAIDE BROWN.

   e. Carelessly and negligently failed to remedy or repair the dangerous condition with the gate.

   f. Carelessly and negligently failed to warn the Plaintiff, ADELAIDE BROWN., of the dangerous condition associated with the gate.

EXHIBIT A

14. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, WALMART, Plaintiff, ADELAIDE BROWN, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ADELAIDE BROWN prays for judgment against Defendant, WALMART in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and further relief, which this Honorable Court finds fair and just.

## COUNT II: NEGLIGENCE – NATIONAL

15. Plaintiff adopts and realleges paragraphs 1-14 as though fully restated herein.

16. On June 19, 2020, Plaintiff, ADELAIDE BROWN ("MS. BROWN")., was an invitee on Walmart's premises and was visiting the store to purchase items. Defendants knew or reasonably should have known that customers would be visiting their store and that the premises were unsafe.

17. At the aforesaid time and place, there were several steel gate barriers, connecting one to another, lined up parallel to the building, creating a single file line for customers. One or more parts at the bottom of the gate were defective with the feet of the gate to be bent upward, causing a tripping hazard.

18. At the aforesaid time, one or more parts of the gate were defective, causing Plaintiff ADELAIDE BROWN to slip and fall, causing significant injury.

19. Upon information and belief, Co- Defendant, NATIONAL, installed gate at the aforementioned location.

20. Upon information and belief, WALMART maintained and controlled the gates after they were installed by NATIONAL.

21. In failing to properly install and maintain the gate, Defendants NATIONAL and WALMART knew or reasonably should have known that the defective portion of the gate would cause injury.

22. At the aforesaid time and place, Defendants, NATIONAL and WALMART should have known customers would not be able to appreciate the risk involved with the defective gate.

23. At the aforesaid time and place, Defendants, NATIONAL AND WALMART owed the Plaintiff, ADELAIDE BROWN and others a duty to exercise ordinary care to keep the premises

FILED DATE: 4/27/2022 4:35 PM   2022L003855

reasonably safe so as to not negligently cause injury to those persons lawfully on the premises.

24. At the aforesaid time and place, Defendant, NATIONAL, was guilty of one or more of the following negligent acts and/or omissions:

    a. Carelessly and negligently failed to keep the gate in good condition.

    b. Carelessly and negligently failed to make reasonable inspections to be sure the gate was not defective.

    c. Carelessly and negligently failed to make reasonable inspections to be sure the gate functioned properly.

    d. Carelessly and negligently failed to realize that continuing to use the defective gate created an unreasonable level of risk of harm to Plaintiff ADELAIDE BROWN.

    e. Carelessly and negligently failed to remedy or repair the dangerous condition with the gate.

    f. Carelessly and negligently failed to warn the Plaintiff, ADELAIDE BROWN., of the dangerous condition associated with the gate.

25. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, NATIONAL, Plaintiff, ADELAIDE BROWN, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

    WHEREFORE, Plaintiff, ADELAIDE BROWN prays for judgment against Defendant, NATIONAL in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and further relief, which this Honorable Court finds fair and just.

### COUNT III: NEGLIGENCE – STRICT LIABILITY- NATIONAL

17. Plaintiff, ADELAIDE BROWN adopts and realleges paragraphs 1 – 25, as though set forth herein.

18. On or prior to, June 19, 2020, Co- Defendant, NATIONAL, purchased or received the gate installed at or near WALMART, facility #2817, 17625 Torrence Ave, Lansing, Illinois 60438.

19. On or prior to, June 19, 2020, Co-Defendant, NATIONAL, installed gate.

EXHIBIT A

FILED DATE: 4/27/2022 4:35 PM   2022L003855

20. On or prior to June 19, 2020, Co-Defendant, NATIONAL, failed to provide adequate warnings to persons lawfully on the premises to include, Plaintiff, ADELIADE BROWN.

21. Co-Defendant, NATIONAL, failed to complete adequate inspections to discover that the foot of the gate needed to be repaired or replaced.

22. Co- Defendant, NATIONAL, exercised significant control over the design or manufacture of the gate.

23. Co-Defendant, NATIONAL, had actual knowledge of the defective foot on the gate.

24. Co- Defendant, NATIONAL, created the defect in the product.

25. At the aforesaid time there was in full force and effect the following Illinois Complied Statute, 735 ILCS 5/2-621(c):

"A court shall not enter a dismissal order relative to any certifying defendant or defendants other than the manufacturer even though full compliance with subsection (a) of this Section has been made where the plaintiff can show one or more of the following: (1) That the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage; or (2) That the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or (3) That the defendant created the defect in the product which caused the injury, death or damage."

26. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, NATIONAL, Plaintiff, ADELAIDE BROWN sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ADELAIDE BROWN prays for judgment against Defendant, NATIONAL, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and further relief, which this Honorable Court finds fair and just.

### COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- NATIONAL

27. Plaintiff, ADELAIDE BROWN adopts and realleges paragraphs 1– 26 as though set forth herein.

28. Plaintiff, ADELAIDE BROWN, was severely injured on June 19, 2020 and her injuries were the direct result of Co-Defendant, NATIONAL's, negligence.

EXHIBIT A

FILED DATE: 4/27/2022 4:35 PM   2022L003855

29. The direct and proximate cause of the injuries suffered by Plaintiff, ADELAIDE BROWN was the carelessness, recklessness, and negligence of Co- Defendant, NATIONAL.

30. As a direct and proximate result of Co-Defendant, NATIONAL's, negligence, plaintiff, ADELAIDE BROWN sustained great emotional disturbance, shock and physical injury.

31. As a direct and proximate result of Co-Defendant, NATIONAL's, negligence, ADELAIDE BROWN suffered emotional trauma and damages from having a BRAIN BLEED, requiring a Burr Hole to be drilled in her head to relieve pressure. Plaintiff, ADELAIDE BROWN suffered and will suffer pain and physical disability.

32. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, NATIONAL, Plaintiff, ADELAIDE BROWN sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of his maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ADELAIDE BROWN prays for judgment against Defendants, NATIONAL in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and further relief, which this Honorable Court finds fair and justice.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS --WALMART

33. Plaintiff, ADELAIDE BROWN adopts and realleges paragraphs 1– 32 as though set forth herein.

34. Plaintiff, ADELAIDE BROWN, was severely injured on June 19, 2020 and her injuries were the direct result of Co-Defendant, WALMART's, negligence.

35. The direct and proximate cause of the injuries suffered by Plaintiff, ADELAIDE BROWN was the carelessness, recklessness, and negligence of Co-Defendant, WALMART.

36. As a direct and proximate result of Co-Defendant, WALMART's, negligence, Plaintiff, ADELAIDE BROWN sustained great emotional disturbance, shock and physical injury.

37. As a direct and proximate result of Co-Defendant, WALMART's negligence, ADELAIDE BROWN suffered emotional trauma and damages from having a BRAIN BLEED, requiring a Burr Hole to be drilled in her head to relieve pressure. Plaintiff, ADELAIDE BROWN suffered and will suffer pain and physical disability.

38. As a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, WALMART, Plaintiff, ADELAIDE BROWN sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future

FILED DATE: 4/27/2022 4:35 PM   2022L003855

expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

   WHEREFORE, Plaintiff, ADELAIDE BROWN prays for judgment against Defendants, WALMART in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and further relief, which this Honorable Court finds fair and justice

By: _____/s/ Banks_____
  Henderson Banks
  Attorney for Plaintiff

Henderson Banks Esq. (#63568)
Crystal Sims Esq.
Attorneys for Plaintiff
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60606
Phone: 312-741-0981
hbanks@hendersonbankslaw.com

EXHIBIT A

FILED
4/27/2022 4:35 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L003855
Calendar, X

FILED DATE: 4/27/2022 4:35 PM   2022L003855

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Adelaide Brown ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2022L003855 |
| vi. ) | |
| ) | |
| ) | |
| National Construction Rentals, & ) | |
| ) | |
| Walmart Inc. ) | |
| Defendants. ) | |

### RULE 222(B) AFFIDAVIT

I, Henderson Banks, being first duly sworn on oath, depose and state that the amount of damages sought in the above-captioned cause of action exceeds, $50,000.00 for the Plaintiff.

By: ___Banks_____
Henderson Banks, Esq.
Attorney for Plaintiff,

Henderson Banks Law, LLC
Attorney #63568
77 W. Wacker Drive, Suite 4500
hbanks@hendersonbankslaw.com (primary)
csims@hendersonbankslaw.com (secondary)
Chicago, IL 60601
312.741.0981

2

EXHIBIT A